# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-964V
Filed: April 10, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *   *    *
JACQUELINE RICE-MCKENZIE,            *
                                     *
              Petitioner,            *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUM. SERVICES,                   *
                                     *
              Respondent.            *
                                     *
*  *  *  *  *  *  *  *  *  *  *  *  *  *   *    *
```

*Laura Levenberg, Esq.,* Muller Brazil, PA , Dresher, PA, for petitioner.
*Mitchell Jones, Esq.,* US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 3, 2019, Jacqueline Rice-McKenzie ("petitioner") filed the instant petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed Guillain-Barré Syndrome after receiving an influenza ("flu") vaccine on August 30, 2016. Petition, ECF No. 1. On February 17, 2023, petitioner filed a motion for ruling on the record. ECF No. 49 The Court issued its decision denying entitlement on September 16, 2025. ECF No. 52.

On December 22, 2025, petitioner filed a Motion for Attorneys' Fees and Costs. ECF No. 57. Respondent filed his response on January 5, 2026, "defer[ring] to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." ECF No.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

58 at 2. The Court then issued an order on January 7, 2026, reminding petitioner that the Vaccine Rules require petitioners to address whether the statutory requirements of good faith and reasonable basis have been met and noting that petitioner had not addressed either in her original motion. ECF No. 59. The Court ordered petitioner to "file a comprehensive Motion for Fees and Costs that addresses good faith and reasonable basis with references to all supporting evidence." *Id*. The Court also ordered respondent to "respond substantively to petitioner's motion and the arguments therein." *Id*.

On February 9, 2026, petitioner filed the instant Supplemental Motion for Attorney Fees, requesting a total of $39,248.80, representing $35,284.60 in attorneys' fees and $3,964.20 in costs. ECF No. 60 at 2. Respondent responded on March 11, 2026, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." ECF No. 61 at 1.

After consideration, petitioner's motion is **GRANTED in part**.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 372-73 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Hum. Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates on behalf of the attorneys and staff who worked on this case:

| Name | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2025 |
|---|---|---|---|---|---|---|---|
| Laura Levenberg | - | - | - | $275 | $350 | $375 | $425 |
| Paul Brazil | - | $325 | $350 | $375 | - | - | - |
| Maximillian Muller | - | - | - | - | $400 | - | - |
| Paralegals | $125 | $125-$140 | $125-$150 | $125-$160 | $125-$160 | $140-$177 | $170-$180 |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded and with the rates provided in the Fee Schedule. *See, e.g, Morgan v. Sec'y of Health & Hum. Servs.*, No. 16-269V, 2025 WL 1453174, at *1 (Fed. Cl. Spec. Mstr. Apr. 14, 2025); *Kelly v. Sec'y of Health & Hum. Servs.*, No. 21-2202V, 2025 WL 2081509 (Fed. Cl. Spec. Mstr. June 13, 2025). Thus, the requested rates are reasonable.

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the majority of entries adequately describe the work performed, and the time billed corresponds with that work. However, there are several entries which are either excessive or which should not have been billed at all. For instance, on March 15, 2019, there is an entry for two hours to prepare a request for medical records, while each other such entry was for significantly less time. There is no explanation for why this request took so much longer to prepare. On July 8, 2019, Mr. Brazil billed a total of 0.3 hours to review the notice of designation, the order directing appearance for respondent, and the notice of assignment, all boilerplate sentence-long orders which are routine for each and every Program case. Similarly, on October 2, 2019, and December 18, 2019, Mr. Brazil again spent a total of 0.2 hours reviewing the notice of reassignment, each consisting of a single sentence on the docket. Additionally, from October 19, 2018, to November 5, 2018, there are approximately 17 separate entries by a paralegal for follow-up calls to various medical facilities regarding existing records requests. Each of these calls purportedly lasted either 18 or 24 minutes each for a total of 6.3 hours billed. These are examples of the kind of excessive billing that is not permitted in the Program. *Raymo*, 129 Fed. Cl. at 703.

Moreover, there are several billing entries for frivolous or non-billable activities, such as directing paralegals to file exhibits and administrative tasks including preparing exhibits for filing. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Hum. Servs.*, No. 19-1221V, 2023

4

WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *Vinocur v. Sec'y of Health & Hum. Servs.*, No. 17-598V, 2020 WL 3619896, at *2 (Fed. Cl. Spec. Mstr. June 29, 2020); *O'Leary v. Sec'y of Health & Hum. Servs.*, No. 18-584V, 2022 WL 1055352, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2022); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The Muller Brazil firm has been warned several times about such billing practices. Despite prior reductions, these inappropriate billing practices persist at this firm. *Hunt v. Sec'y of Health & Human Servs.*, No. 20-1455V, 2025 WL 2048787 (Fed. Cl. Spec. Mstr. June 27, 2025); *Rogers v. Sec'y of Health & Human Servs.*, No. 18-190V, 2023 WL 2748431 (Fed. Cl. Spec. Mstr. Apr. 3, 2023); *Mohler v. Sec'y of Health & Human Servs.*, No. 16-1404V, 2018 WL 3989515 (Fed. Cl. Spec. Mstr. July 2, 2018). This firm has been warned that continued inappropriate billing would be met with increased reductions. *K.K. v. Sec'y of Health & Hum. Servs.*, No. 17-621V, 2026 WL 880578, at *3 n.6 (Fed. Cl. Mar. 5, 2026). Therefore, a 15% reduction[4] of the overall fees requested is warranted, resulting in a **reduction of $5,292.69.**

Petitioner is awarded $29,991.91 in fees.

### C.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,964.20 in costs on behalf of counsel. Motion for Fees, ECF No. 60 at 24. This amount includes routine cases costs associated with acquiring medical records, postage, and the filing fee. *Id.* They are thus awarded in full.

Petitioner also requests $2,395.00 for an expert medical review service. The invoice is a single page with the notation "Advance Invoice" for $2,220.00 "Prepayment estimate for initial review" and a $175.00 administrative charge. *Id.*  Many attorneys utilize expert medical review services to locate experts for their cases. Since no expert report was filed, the reference to $550.00 per hour for expert review will not be addressed since the invoice appears to be only for the $2,200.00 retainer for the medical review service and the $175 administrative fee. When such expenses are adequately documented and reasonable, they are typically awarded in the Program. *See Keyser v. Sec'y of Health & Hum. Servs.*, No. 20-1313, 2025 WL 4483291, at *2 (Fed. Cl. Nov. 24, 2025); *Hernandez v. Sec'y of Health & Hum. Servs.*, No. 20-723, 2024 WL 5378957, at *3 (Fed. Cl. Spec. Mstr. Nov. 22, 2024). While ultimately adequately documented and reasonable here, counsel is cautioned that more detailed documentation or explanation for such expenses may be required in future if billing records are similarly unclear. Thus, this amount is awarded in full.

Petitioner's costs of $3,964.20 are awarded in full.

### III.    Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part**. Petitioner is hereby awarded a **total of $33,956.11**, representing $29,991.91 in attorneys'

---

[4] $35,284.60 * 0.85 = $29,991.91.

fees, and $3,964.20 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).